IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CALI-CURL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-320-BN |
| | § | |
| MARIANNA INDUSTRIES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On August 9, 2024, Plaintiff Cali-Curl, Inc. filed a Motion for Leave to Amend, seeking the Court's leave to file a Second Amended Complaint that includes new factual allegations and includes three additional claims for fraudulent inducement, negligent misrepresentation, and tortious interference with contracts. *See* Dkt. No. 128.

Defendant Marianna Industries, Inc. filed a response in opposition, *see* Dkt. No. 135, explaining that "is not opposed to Cali-Curl pleading new factual allegations (many of which Marianna believes are ultimately irrelevant)" but "is opposed to Cali-Curl pleading the three additional causes of action – two of which were previously dismissed (fraud and negligent misrepresentation) and one of which is entirely new (tortious interference with a contract)," *id.* at 1.

And Cali-Curl filed a reply. *See* Dkt. No. 140.

For the reasons and to the extent explained below, the Court grants in part and denies in part Cali-Curl's Motion for Leave to Amend [Dkt. No. 128].

## Background

As Cali-Curl explains,

- "On January 6, 2023, Cali-Curl filed its Original Petition in the 101st District Court for Dallas County, Texas."

- Marianna "removed the case to this Court on February 10, 2023."

- Marianna "filed a Motion to Dismiss certain claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 3, 2023."

- "On May 15, 2023, Cali-Curl filed a Motion for Leave to Amend that sought to clarify certain pleadings and otherwise join issue in response to certain issues raised in Marianna's pending Motion to Dismiss."

Dkt. No. 128 at 1-2.

In an October 3, 2023 Memorandum Opinion and Order, the Court

- dismissed Cali-Curl's fraud and negligent misrepresentation claims without prejudice, explaining that Cali-Curl has not pled its negligent misrepresentation and fraud claims with the particularity required by Federal Rule of Civil Procedure 9(b);

- denied Cali-Curl leave to amend its misrepresentation-based claims because Cali-Curl has not explained who defrauded Cali-Curl and where they did it as Rule 9(b) requires; but

- ordered that Cali-Curl may file a motion for leave to further amend its pleading no later than 21 days after the entry of the Court's Memorandum Opinion and Order.

*See* Dkt. No. 33.

## Legal Standards and Analysis

I.     <u>The Motion for Leave to Amend may be untimely as to two claims.</u>

On October 26, 2023 – two days after that 21-day period ended – the parties

submitted their Joint Scheduling Proposal. And it did not include any deadline to

further amend pleadings. And Cali-Curl did not mention any fraud or

misrepresentation-based claims. *See* Dkt. No. 40.

On October 27, 2023, the Court entered its Scheduling Order and generally provided that "[a]ll motions for leave to amend pleadings must be filed no later than March 18, 2024." Dkt. No. 41 at 1. And the Court has later extended that deadline. *See* Dkt. No. 70 at 1-2; Dkt. No. 115 at 1-2.

But the Court does not read the scheduling orders as, without any explanation or comment, extending the deadline previously set to file a motion for leave to further amend these two claims that the Court has already dismissed without prejudice.

And, if that is so, the Court might properly hold Cali-Curl – as to its requests to amend to add or reassert claims for fraud and negligent misrepresentation – to the requirements for leave under, first, Federal Rule of Civil Procedure 16(b)(4) and, then, Federal Rule of Civil Procedure 15(a)(2). *See T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 418 (5th Cir. 2021).

II.    <u>Whether or not it is timely, leave to amend is denied under Rule 15(a)(2).</u>

But the Court need not engage in that analysis because, even if the Court's extended deadlines for amending pleadings allowed for this motion for leave to amend under Rule 15(a)(2), Cali-Curl's request for leave fails under a Rule 15(a) analysis.

Federal Rule of Civil Procedure 15(a)(2) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2).

Because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend,"

*Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

Undue delay is one substantial reason under Rule 15(a)(2) for denying leave to amend. *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999). "Although Rule 15(a) does not impose a time limit for permissive amendment, at some point, time delay on the part of a plaintiff can be procedurally fatal." *D.L. Markham DDS, MSD, Inc. 401(K) Plan v. Variable Annuity Life Ins. Co.*, 88 F.4th 602, 613 (5th Cir. 2023) (cleaned up).

Another substantial reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (cleaned up).

A. Cali-Curl unduly delayed in seeking leave to add these three claims.

Cali-Curl unduly delayed in seeking to add these claims for fraudulent inducement, negligent misrepresentation, and tortious interference with contracts.

Cali-Curl filed its Motion for Leave to Amend on August 9, 2024, when discovery was set to close on November 8, 2024 and the deadline for a party who intends to offer evidence from an expert witness for any purpose other than "solely to contradict or rebut evidence on the same subject matter identified by another party" to designate the expert witness(es) was September 20, 2024.

Although Marianna's opposition points to its taking Cali-Curl's corporate representative's deposition in July 2024, that may or may not have been, strictly speaking, a red line for when Cali-Curl could seek leave to amend. And the Court

extended the expert designation deadline to October 11, 2024 and the discovery deadline to December 6, 2024.

Cali-Curl contends that, following the Court's October 3, 2023 ruling, it "wanted the opportunity to examine key witnesses, obtain all the documents it could (which production is still ongoing), and then file a pleading amendment conforming the pleading to the evidence and urge the Court to permit the assertion of these claims."

And Cali-Curl asserts that it "obtained discovery, pushed for additional discovery, received documents, continued to push for discovery, began taking depositions to confirm its understanding of the facts, has continued to push for additional document productions after those depositions, continues to take depositions, and still satisfied the existing amended pleadings deadline by timely filing its motion for leave."

But there is a difference between having all the proof a party needs to prove its claims by a preponderance of the evidence and having documents and information enough to adequately plead, including under Rule 9(b), claims that had already been dismissed.

And the deadline for leave to offer amendments of any kind does not determine when the latter occurs. Complying with a scheduling order's deadline to file a motion for leave to amend only makes Cali-Curl's request subject to Rule 15(a) and not also (first) Rule 16(b)(4). *See* Dkt. No. 70 at 1-2; Dkt. No. 115 at 1-2; Dkt. No. 134 at 1-2. And, under Rule 15(a)(2), leave may still, under certain circumstances, properly be

denied for the substantial reason of undue delay. *See D.L. Markham*, 88 F.4th at 613; *Martin's*, 195 F.3d at 770.

Cali-Curl has not adequately explained how it could not have moved for leave to amend to reassert its two misrepresentation claims at an earlier time or to assert its tortious interference claim for the first time as discovery and expert deadlines were approaching. *Cf. Butler v. S. Porter*, 999 F.3d 287, 298-99 (5th Cir. 2021).

Cali-Curl explains only that documents and communications that Marianna produced "are quoted and specified in the new pleading and form the basis for the renewed allegations of fraud and negligent misrepresentation and the new claim of tortious interference with contract." And, as Marianna notes, Cali-Curl's Motion for Leave to Amend "never explains how any of the documents produced by Marianna revealed new information giving rise to a tortious interference claim."

But "delay alone is insufficient" to deny leave under Rule 15(a)(2) – "[t]he delay must be undue, [that is,] it must prejudice the nonmoving party or impose unwarranted burdens on the court." *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018) (cleaned up).

But, as Marianna persuasively asserts, after missing the 21-day deadline, Cali-Curl waited over 300 days to attempt to revive its two misrepresentation claims, with only three months left in discovery (as of the filing of the motion for leave, not its becoming ripe), and "Marianna has proceeded to defend this case (including taking the deposition of Cali-Curl's corporate representative) under the belief that it was not defending fraud and negligent-misrepresentation claims."

Cali-Curl takes issue with Marianna's pointing to taking Cali-Curl's Rule 30(b)(6) deposition in July 2024 and asserts that Marianna simply chose to do so "before discovery was complete, before it had produced all of its documents, before Cali-Curl could confirm the facts it believed gave rise to misrepresentation claims, and before the pleading amendment deadline." But taking a corporate plaintiff's deposition about its claims with two to three months to go in discovery and expert discovery yet to go is hard to characterize as premature.

Cali-Curl also asserts that, while it knew about its previously-asserted misrepresentation claims before it filed suit and does not deny that it would have documents reflecting Marianna's representations in its own documents, "the misrepresentation claims had been dismissed on technical pleading grounds, and before Cali-Curl approached the Court to reconsider those claims it wanted to take the depositions of key personnel and ensure it had all of Marianna's documents." But waiting to obtain all or most of the documents that Cali-Curl wanted from Marianna before reinjecting misrepresentation claims into this case is a lot to expect under the circumstances.

And Cali-Curl then contends that, despite having alleged the fraud and negligent misrepresentation claims in its original pleading, it "could not be sure the representations were actually false until it was able to see all of Marianna's internal conversations and documents and ask questions about those issues" and that "[t]hat could not and did not begin to occur until less than three weeks before the pleading amendment deadline because of how discovery progressed in this case by the parties'

mutual good faith conduct in working through document production and scheduling issues."

But, as Cali-Curl appears to concede, what Marianna knew before Cali-Curl filed its Motion for Leave to Amend was that Cali-Curl pleaded these dismissed claims and then did not seek to reassert them within the 21-day period that the Court's October 3, 2023 order permitted.

The Court is not persuaded that Marianna faces no prejudice or surprise because it "knows about these facts because they come from internal e-mails and Marianna-authored documents" and because Cali-Curl on August 9, 2024 "put its cards on the table about these claims, its desire to have them tested on the merits, and allege them with sufficient particularity."

Under the circumstances, the Court finds that Marianna does not now have "every opportunity to investigate and contest" these newly-asserted and reasserted claims and finds, rather, that Marianna is unduly prejudiced by Cali-Curl's delay in seeking leave to amend to reassert the two dismissed claims and the new tortious interference claim.

B. Granting leave to assert the tortious interference claim would be futile.

And, as to the newly-asserted tortious interference claim, the Court further finds that permitting the claim at this late date would be futile.

As Marianna argues, "Cali-Curl fails to actually plead intent" and instead pleads only that "interference was 'reasonably foreseeable' to Marianna" and not that "Marianna intended to interfere with Cali-Curl's distributor relationships."

In reply, Cali-Curl asserts only that "Texas law permits a plaintiff to bring a claim for tortious interference by establishing the defendant made the performance of the contract impossible, difficult, more burdensome, or expensive" and "[t]here is no doubt that Marianna's gross manufacturing negligence did those things and this raises factual questions for resolution by a jury."

"In Texas, to prove tortious interference with a contract, a plaintiff must show (1) the existence of a valid contract subject to interference; (2) that the defendant willfully and intentionally interfered with the contract; (3) that the interference proximately caused the plaintiff's injury; and (4) that the plaintiff incurred actual damage or loss." *Ancor Holdings, L.P. v. Landon Cap. Ptrs., L.L.C.*, 114 F.4th 382, 398 (5th Cir. 2024) (cleaned up).

"The plaintiff must produce some evidence showing that the defendant knowingly induced one of the contracting parties to breach its obligations under the contract," and, although the "plaintiff is not required to prove the defendant's intent to injure," it must prove "that the defendant desires to cause the consequences of his act or believes that the consequences are substantially certain to result from it." *Id.* at 398, 399 (cleaned up). "Although it does not appear that an actual breach must occur, the defendant must have intended to induce a breach (even if unsuccessful), thereby making performance more difficult in some way that injured the plaintiff." *Cuba v. Pylant*, 814 F.3d 701, 717 (5th Cir. 2016).

As Marianna persuasively lays out in its response, Cali-Curl – despite waiting to seek leave until it has most of the documents and deposition testimony it sought

in discovery – does not plead any "allegations that would plausibly suggest that Marianna had an intent to interfere and thus had a motive to interfere with distributor contracts." But Cali-Curl is required to plead an intent or desire to cause the alleged interference. It is not enough to plead only that a defendant (even negligently) took action that made the performance of a contract impossible, difficult, more burdensome, or expensive and that the alleged consequence was "reasonably foreseeable" to the defendant.

### Conclusion

The Court grants in part and denies in part Plaintiff Cali-Curl, Inc.'s Motion for Leave to Amend [Dkt. No. 128] and denies Cali-Curl's request for leave to plead the three additional causes of action for fraudulent inducement, negligent misrepresentation, and tortious interference with contracts but grants Cali-Curl's request for leave to file a Second Amended Complaint that includes the proposed new and additional factual allegations in all but the rejected new Counts 6, 7, and 8.

Cali-Curl must file a Second Amended Complaint consistent with this Memorandum Opinion and Order by **Wednesday, October 23, 2024** and, at the same time, separately file a redline copy of the Second Amended Complaint as filed.

SO ORDERED.

DATED: October 18, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-10-